UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARGARET VETERE,

                Plaintiff,

-against-

CITY OF NEW YORK, stated herein as City of New York HRA/DDS, and City of New York Bellevue Hospital Center Billing Dept.,

                Defendant.

19-CV-9665 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff, appearing *pro se*, brings this action asserting that Defendant violated her rights by applying for Medicaid on her behalf without her consent. By order dated November 19, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. The Court dismisses the complaint for the reasons set forth below.

**STANDARD OF REVIEW**

    The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

**BACKGROUND**

Plaintiff sues the City of New York for actions taken by the City's Human Resource Administration (HRA), the Department of Social Services (DSS), and Bellevue Hospital Center (Bellevue) Billing Department. She asserts that Bellevue and the City agencies violated New York Social Services Law § 366-b when Bellevue, without her consent, applied for and received Medicaid on her behalf. Plaintiff seeks monetary compensation and attaches to the complaint a settlement agreement with her terms to settle the matter.

The following facts are taken from the complaint. Plaintiff arrived at Bellevue on the night of December 22, 2009, and became an inpatient from December 23, 2009, to January 6, 2010. She repeatedly told the hospital staff that she did not want to pay her hospital medical bills and she did not want Medicaid. But on February 17, 2010, an unknown person violated her "proprietary, personal and confidential information" by filling out and submitting to "HRA/DSS" an "unauthorized" Medicaid application "for Vetere" without her consent. (ECF No. 2, 2.) At the time, Plaintiff was a "competent functional adult" and she had not waived rights under the Health Insurance Portability and Accountability Act (HIPAA). (*Id*. at 3.) At a later date, Medicaid payment for Plaintiff's hospital stay was disbursed to Bellevue.

After Medicaid was used to pay her hospital bills, Plaintiff contacted the New York State Medicaid Inspector General, who directed Plaintiff to contact the United States Department of Health & Human Services' Office for Civil Rights (OCR) concerning her HIPAA claims. Plaintiff filed a complaint with OCR, but it "could not assist." (*Id*. at 5.) Plaintiff has also contacted various state agencies concerning the unauthorized Medicaid application, to no avail.

Plaintiff brings this action as a "constitutional claim," contending that under New York Social Services Law § 366-b, no individual "is allowed by law to officially fill, file and submit HRA/DSS Medicaid Application 'for Vetere.'" (*Id*. at 2, 8.) She asserts that the unauthorized

Medicaid application is a "false instrument" under state law and constitutes Medicaid fraud. (*Id.* at 4, 8.) Plaintiff also indicates that Bellevue and the City agencies violated her privacy rights under HIPAA. Plaintiff seeks $1.5 million dollars in damages.

## DISCUSSION

**A.     Section 1983 and New York Social Services Law § 366-B**

Because Plaintiff brings this action against the City of New York asserting constitutional claims, the complaint is construed as being brought under 42 U.S.C. § 1983.[1] Section 1983 provides redress for a deprivation of federally protected rights by persons acting under color of state law. 42 U.S.C. § 1983; *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-57 (1978).

But Plaintiff's assertions fail to show that a right secured by the Constitution or laws of the United States was violated, as required for a § 1983 claim. *See West v. Atkins*, 487 U.S. 42, 48-49 (1988). Her main contention is that when Bellevue filled out and submitted the unauthorized Medicaid application and HRA and DSS approved the application and disbursed Medicaid payment for her hospital bills, those actions violated New York Social Services Law § 366-b.[2] But a violation of state law, without more, does not give rise to a claim under § 1983.

---

[1] Plaintiff's claims are likely untimely. Claims brought under § 1983 are governed by the three-year statute of limitations period set forth in N.Y.C.P.L.R. § 214(5). *See Owens v. Okure*, 488 U.S. 235, 249-50 (1989); *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002). Plaintiff's assertions stem from events that occurred in 2010, more than nine years before she filed this action.

[2] New York Social Services Law § 366-b provides that

> any person who, with intent to defraud, presents for allowance or payment any false or fraudulent claim for furnishing services or merchandise, or knowingly submits false information for the purpose of obtaining greater compensation than that to which he is legally entitled for furnishing services or merchandise, or knowingly submits false information for the purpose of obtaining authorization of furnishing services or merchandise under this title, shall be guilty of a class A misdemeanor, unless such act constitutes a violation of a provision of the penal law of the state of New York, in which case he shall be punished with the penalties fixed by such law.

*See Davis v. Scherer*, 468 U.S. 183, 195 (1984) (an official's violation of a state statute or regulation does not, by itself, make the official liable under § 1983); *Pollnow v. Glennon*, 757 F.2d 496, 501 (2d Cir. 1985) ("[A] violation of state law is not cognizable under § 1983.") *Smith v. O'Connor*, 901 F. Supp. 644, 647-48 (S.D.N.Y. 1995) ("An individual's right to have the relevant state laws strictly obeyed is not a federal right protected by the Civil Rights Act of 1871 or the Constitution of the United States.")

**B.    Medicare Fraud**

Plaintiff's assertions do not suggest Medicaid fraud, but rather her refusal to pay for medical services that she received at Bellevue. But even if the Court considers her purported Medicaid fraud claims under federal law, they must still be dismissed. As a federally funded program, Medicaid is subject to the federal health care fraud statute, 42 U.S.C. § 1320a-7b. But the fraud statute does not provide private individuals with the right to bring a cause of action to enforce its provisions.[3] *See Riddles v. Parakh*, No. 08-CV-2373, 2008 WL 4298318, at *2 (E.D.N.Y. Sept. 16, 2008); *Rzayeva v. United States*, 492 F. Supp. 2d 60, 78-79 (D. Conn. 2007) (dismissing claims for lack of subject matter jurisdiction because the plaintiffs did not have standing to invoke a cause of action for Medicare and Medicaid fraud); *Donovan v. Rothman*, 106 F. Supp. 2d 513, 516 (S.D.N.Y. 2000) ("There is no private cause of action to redress violations of . . . § 1320a-7b."); *United States ex rel. Barrett v. Columbia/HCA Health Care Corp.*, 251 F. Supp. 2d 28, 37 (D.D.C. 2003) (granting Fed. R. Civ. P. 12(b)(6) motion to dismiss

---

[3] Where there has been fraud on the federal government, a private individual may assert a *qui tam* claim on behalf of the federal government under the False Claims Act (FCA), 31 U.S.C. § 3729, *et seq. See Vt. Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 771-78 (2000). *Pro se* litigants, however, cannot bring *qui tam* claims under the FCA. *See United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 93 (2d Cir. 2008) ("Because relators lack a personal interest in False Claims Act *qui tam* actions, we conclude that they are not entitled to proceed *pro se*.").

Medicare fraud claim brought by private parties). To the extent Plaintiff's assertions could be read as seeking relief under the Medicaid anti-fraud statute, she cannot proceed with a private right of action under that statute.

**C.    HIPAA**

Plaintiff's complaint could also be read as asserting that the unauthorized Medicaid application violated her right to privacy under the Health Insurance Portability and Accountability Act (HIPAA). HIPAA generally provides for the confidentiality of individually identifiable health information, *see* 42 U.S.C. §§ 1320d-1 to d-7, and it authorizes the Secretary of Health and Human Services to make final regulations and bring enforcement actions. *See* 42 U.S.C. § 300gg-22. HIPAA permits health care providers and other covered entities to disclose protected health information without patient consent in certain situations, such as in response to a court order. *See, e.g.*, 45 C.F.R. § 164.512(e)(1)(i), (ii).

The Second Circuit has noted that "[i]t is doubtful that HIPAA provides a private cause of action," *Bond v. Conn. Bd. of Nursing*, 622 F. App'x 43, 44 (2d Cir. 2015), and district courts in this circuit have uniformly held that it does not, *see, e.g., Warren Pearl Constr. Corp. v. Guardian Life Ins. Co. of Am.*, 639 F. Supp. 2d 371, 377 (S.D.N.Y. 2009) (collecting cases for the proposition that "HIPAA does not provide for either an express or implied private right of action."); *Mele v. Hill Health Ctr.,* 609 F. Supp. 2d 248, 255 (D. Conn. 2009) (holding that individuals cannot sue to enforce HIPAA or seek damages caused by such disclosures).

Plaintiff's allegations are insufficient to show a violation of HIPAA, and even if she could allege such a violation, HIPAA does not provide a private cause of action allowing an individual suit. The Court therefore dismisses Plaintiff's claims under HIPAA. 28 U.S.C. § 1915(e)(2)(B)(ii).

**D.     State-Law Claims**

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Having dismissed Plaintiff's federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

**E.     Leave to Amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend her complaint.

**CONCLUSION**

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). All other pending matters are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: December 5, 2019
New York, New York

COLLEEN McMAHON
Chief United States District Judge